DAVID B. BARTELSTONE, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY et al., Defendants.

Supreme Court, Special Term, Queens County, November 19, 1945.

*Mendes Hershamn* and *Dudley Davis* for New York Life Insurance Company, defendant.

*Martin B. Nadle* and *Hyman Fried* for Crawford Clothes, Inc., and another, defendants.

*Benjamin Shiverts* for plaintiff.

WENZEL, J. The defendants move for an order directing judgment on the pleadings in their favor. The complaint sets forth two causes of action, the first of which seeks the recovery of brokerage commission of $62,075, alleging that the plaintiff procured a purchaser for the McAlpin Hotel, namely, the defendant Jamlee Hotel Corporation, alleged to be a subsidiary of the defendant Crawford Clothes, Inc.

The second cause of action is to recover the same amount as damages for conspiracy. A bill of particulars of the plaintiff's claims has been served pursuant to order and it appears therefrom that plaintiff, a licensed real estate broker, procured a listing from the real estate department of the defendant New York Life Insurance Company. On December 8, 1944, he addressed a letter to the defendant Crawford Clothes, Inc., calling its attention to the fact that it was a tenant in the property and offering it for sale upon the terms which he claims he procured from the New York Life Insurance Company. As an alternative he suggested that he might be able to lease the property to the defendant Crawford Clothes, Inc., in the event that it did not wish to purchase the same. No reply to such letter was ever sent to the plaintiff nor did the plaintiff do anything

further toward negotiating any transaction thus attempted to be initiated. On the contrary, it appears that the defendant Crawford Clothes, Inc., through Jamlee Hotel Corporation, subsequently carried on negotiations for its purchase and a sale was consummated at a higher price than that for which the plaintiff claims it was given to him.

On May 25, 1945, plaintiff addressed a letter to the New York Life Insurance Company asking that he be recognized as the broker and enclosed therein a copy of the letter which he claims he sent to Crawford Clothes, Inc., under date of December 8, 1944. There is no claim that the plaintiff ever did anything in furtherance of any negotiations beyond his said letter of December 8, 1944.

On these facts, it cannot be said that the plaintiff was the procuring cause of the sale or that he produced a purchaser ready, willing and able to buy. Upon the same facts and for the same reasons the cause of action for conspiracy must fail.

Defendants' motions are granted and the complaint is dismissed.